DAHL et al. v. MOAC SERVICE CO., Inc. et al.

Civ. No. 11387.

United States District Court, E. D. New York.

May 22, 1953.

Benedict S. Rosenfeld, Brooklyn, N. Y., for plaintiffs.

Jerome Heffer, New York City, for defendants Moac Service Co., Inc., & Jack Goldfarb, by Philip Hoffer, New York City, of counsel.

Harry P. Rich, New York City, for defendants, Supreme Cab Co., Inc., and Max Winefsky.

RAYFIEL, District Judge.

The plaintiffs, husband and wife, citizens of Norway, sue for damages for personal injuries sustained by them while they were passengers in a taxicab. In addition, the plaintiff, Arnt Dahl, sues for loss of the services of his wife, Astrid, and for medical expenses incurred by him in her behalf by reason of the said injuries.

All of the parties waived trial by jury, stipulated that the issues in the case be determined by the Court, and waived the making and filing by the Court of its findings of fact and conclusions of law thereon.

The accident occurred on September 2, 1950, on the Queensboro bridge. The plaintiffs were passengers in a taxicab owned by the defendant "Supreme", driven by the defendant Winefsky, which was proceeding across the said bridge in an easterly direction. It had been raining and the roadway was wet. The said taxicab was traveling behind an automobile owned by the defendant Capuya, which had come to a stop. Winefsky testified that he then brought his taxicab to a stop, and when his cab had remained standing for a second or two a taxicab owned by the defendant "Moac", driven by the defendant Goldfarb, and which was traveling behind him, struck the rear of his taxi, driving it into the rear of Capuya's car.

The plaintiffs testified that Capuya's car had come to a stop before the accident, that the taxicab in which they were riding continued moving forward until it reached a point about 25 feet behind the Capuya car, when Winefsky applied the brakes and slid into the rear of Capuya's car; that almost immediately thereafter the taxi in which they were riding was struck in the rear by the "Moac" taxi; and that they were thrown forward and then backward by the two crashes, resulting in the injuries which they sustained.

Astrid Dahl testified that the impact of the automobiles caused her head and chest to strike the interior of the taxicab, and that she then fainted or became unconscious for a time. Arnt Dahl testified that he sustained injuries to various parts of his body by reason of the crash.

During the trial the action was discontinued against the defendant Capuya.

■ From the evidence in the case I believe, and I accordingly find that the "Supreme" taxi, driven by Winefsky, came to a stop immediately behind the Capuya car, and, while thus standing was struck in the rear by the "Moac" taxi, which was driven by the defendant Goldfarb in a careless and negligent manner. I find further that the defendant Winefsky was without fault.

■ It was claimed that the plaintiff Astrid Dahl sustained a concussion of the brain as a result of the aforementioned accident, is suffering from a post-concussion syndrome and that that condition is permanent. The defendant "Moac" contended that there was a complete healing of and recovery from her injuries and that her present complaints involve pre-menopausic conditions, and have no relation to the aforementioned accident.

In my opinion the sum of $4,000 is adequate compensation for the injuries sustained by the plaintiff Astrid Dahl as a result of the accident, and the sum of $1,000 is adequate compensation for all damages sustained by the plaintiff Arnt Dahl as a result thereof.

Accordingly, I direct judgment in favor of the plaintiffs in the foregoing amounts against the defendants "Moac" Service Co., Inc., and Jack Goldfarb and in favor of the defendants Supreme Cab Co., Inc., and Winefsky, dismissing the complaint against them.

Submit, on notice, appropriate judgment in conformity with the foregoing.